# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**July 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**KAITLYN G.,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-553**     (Fam. Ct. Mercer Cnty. Case No. FC-28-2021-D-298)

**JONATHON C.,**
**Petitioner Below, Respondent**


## MEMORANDUM DECISION

Petitioner Kaitlyn G.[1] ("Mother") appeals the Family Court of Mercer County's December 12, 2023, order denying her motion for reconsideration regarding who may supervise the parties' child, A.C., when another child, who allegedly touched A.C. inappropriately, is present. Respondent Jonathon C. ("Father") filed a response in support of the family court's decision.[2] Mother did not file a reply. The family court held that the parties agreed on the record that only Mother would supervise all interaction between the two children when the child is in her custody.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties, who were previously married, share one minor child, A.C., born in December of 2018. The parties were divorced by order entered on September 14, 2021. In the divorce order, the parties had 50-50 custody of the minor child and shared decision-making. Mother is now remarried.

Events leading to this appeal began in February of 2023, when Father filed an emergency petition with the family court, alleging that Mother failed to return A.C. for two weeks beyond the conclusion of her parenting time. The family court entered an order on

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Kaitlyn G. is represented by E. Raeann Osborne, Esq. Jonathon C. is represented by Melissa G. Kahle, Esq.

1

February 27, 2023, temporarily designating Father as the primary residential parent and directed law enforcement to accompany Father to retrieve the child. The next day, Mother filed a petition for modification, seeking primary custody. On March 16, 2023, a temporary hearing was held on both petitions, during which the parties agreed to share custody, alternating on a weekly basis. The final hearing on both petitions was held on August 1, 2023. At that hearing the parties agreed to keep the temporary parenting plan in place.

On August 18, 2023, A.C. disclosed to a medical provider that she had been inappropriately touched in a sexual manner by an underage male ("Child") who was approximately five years old and resided with Mother's mother-in-law. Child was believed to be in the care of Mother's mother-in-law and attended the same daycare as A.C. The incident allegedly took place at the mother-in-law's home. It is unclear from the record whether Child is a foster child or has been adopted by the mother-in-law. On August 27, 2023, A.C. made similar allegations to Father and reported that Mother was not present when the inappropriate touching took place. Father filed an emergency petition for modification on August 31, 2023, wherein he requested certain restrictions to ensure A.C.'s safety.

The family court held a temporary hearing on August 31, 2023. During that hearing, the family court ruled that the custody arrangement would stay the same, but that A.C. would not be permitted to be in the presence of Child, including at daycare. A forensic interview was performed and Child Protective Services ("CPS") was contacted by the medical provider. Neither the police nor CPS substantiated the allegations of abuse.

At Mother's request, a status hearing was held on September 27, 2023, at which Mother sought to allow the children to attend the same daycare. The parties agreed to modify the temporary order to allow A.C. to attend the same daycare, but only during morning hours when Child was not present.

A final hearing was held on October 23, 2023. At that hearing, Mother moved to dismiss Father's petition. Father requested that the family court require Mother to supervise any interaction between the two children. The family court granted Father's request and entered its final order on October 24, 2023.

On November 6, 2023, Mother filed a motion to reconsider where she requested that the final order be amended to reflect that she was responsible for ensuring there is appropriate supervision between A.C. and Child but that she was not the only person allowed to supervise interactions between A.C. and Child. Father objected to Mother's request. The family court held a hearing on Mother's reconsideration motion on November 29, 2023, during which Mother explained that she was seeking for A.C. to sometimes stay at her mother-in-law's home where Child lived and that she would not always be available to supervise. The family court held that the parties previously agreed for Mother to be the

2

sole supervisor and denied Mother's motion for reconsideration by order entered on December 12, 2023. It is from that order that Mother now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, No. 22-918, 2024 WL 2966177, __ W. Va. __, __ S.E.2d __ (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother asserts that the family court erred in finding that the parties reached an agreement regarding A.C.'s supervision and by not granting her motion for reconsideration. We disagree.

Regarding the parties' agreement that she would be the only supervisor of interactions between A.C. and Child, Mother argues that the parties did not have a "meeting of the minds" when the agreement was recited during the final hearing. However, Mother was represented by counsel at the hearing below and neither party objected to any provision of the agreement. The Supreme Court of Appeals of West Virginia has held, "[o]nce a competent party makes a settlement and acts affirmatively to enter into such settlement, his second thoughts at a later time as to the wisdom of the settlement does not constitute good cause for setting it aside." *Moreland v. Suttmiller*, 183 W. Va. 621, 625, 397 S.E.2d 910, 914 (1990). Therefore, we do not find error in the family court's decision to adopt the parties' agreement.

Regarding Mother's motion for reconsideration, West Virginia Code § 51-2A-10(a) (2001) states:

> Any party may file a motion for reconsideration of a temporary or final order of the family court for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been available at the time the matter was submitted to the court for decision; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) clerical or

3

other technical deficiencies contained in the order; or (5) any other reason justifying relief from the operation of the order.

Here, Mother argues that the parties' lack of a "meeting of the minds" amounted to mistake, inadvertence, and surprise. However, a motion for reconsideration is not an opportunity to reargue facts upon which a court has already ruled, particularly when both parties had legal representation, placed an agreement on the record, and failed to object to any of its provisions. Thus, we conclude that the family court did not abuse its discretion when it ruled that Mother's motion for reconsideration did not warrant relief from the final order.

Accordingly, we affirm the family court's December 12, 2023, order.

Affirmed.

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear